PEOPLE ex rel. CHURCH OF THE ASSUMPTION v. DIMOND et al.

(Supreme Court, Appellate Division, Second Department. November 22, 1907.)

MUNICIPAL CORPORATIONS—ASSESSMENTS—REVIEW—LIMITATION.

Under Village Law, Laws 1897, p. 404, c. 414, § 109, providing that an application for certiorari to review the annual assessment roll "may" be made within 15 days after the date of notice of its completion and filing, as provided by the tax law, and under Tax Law, Laws 1896, p. 882, c. 908, § 251, providing that a petition to review an assessment roll must be presented to a justice of the Supreme Court or at a Special Term thereof within 15 days after the completion and filing of the roll and the first posting or publication of the notice thereof, a petition for certiorari to review a village assessment must be presented within 15 days after the completion and filing of the assessment roll.

Appeal from Special Term, Westchester County.

Certiorari by the people, on the relation of the Church of the Assumption, against James Dimond and another, as assessors of the village of Peekskill, and the said village, to review an assessment of land. From an order denying a motion to dismiss the writ, defendants appeal. Reversed, and motion granted.

Argued before WOODWARD, JENKS, HOOKER, RICH, and MILLER, JJ.

Nathan P. Bushnell, for appellants.

James Dempsey, for respondent.

MILLER, J. This is an appeal from an order denying a motion to dismiss a writ of certiorari issued to review an assessment of the relator's real property made by the assessors of the village of Peekskill. The motion was made on the ground that the petition for the writ was not presented within 15 days after the completion and filing of the assessment roll and the posting and publication of notice thereof.

The decision of this case depends on the construction and application of section 251 of the tax law (Laws 1896, p. 882, c. 908) and section 109 of the village law (Laws 1897, p. 404, c. 414). There is no question that this is the statutory proceeding to review an assessment authorized by the tax law. The writ is returnable to a Special Term of the Supreme Court. Nor is there any question that said section 251 of the tax law requires the presentation of the petition within 15 days after the completion and filing of the assessment roll and the posting and publication of notice thereof. But it is contended that a village is not a tax district, that the general tax law has no application to a village, and that this proceeding is governed by the village law, and by section 109 thereof, which section reads as follows:

"An application for a writ of certiorari to review the assessment roll may be made within such fifteen days in the manner provided by the tax law."

It is contended that the language quoted is permissive, and that the petition for the writ may be presented after the expiration of said 15 days in case sufficient excuse be shown. Said section 109 is permissive in that it permits said application to be made within said 15 days, but it does not permit one to be made thereafter. But for the statute the petitioner would have no right to the remedy sought to be invoked. The statute permits the exercise of that right within 15 days after the completion and filing of the assessment roll, and to be available the right must be exercised within that time. It is not necessary to consider whether the provisions of the general tax law relating to reviews of assessments by certiorari would otherwise be applicable, for said provisions are expressly made applicable by said section 109 of the village law. There can be no doubt as to the meaning of said section; but, if there otherwise were doubt on the subject, it would be entirely removed by reading it in connection with the said section 251 of the general tax law.

It is urged that the assessment in question is void. Even though that be so, whatever other remedies the relator may have, it cannot have a special statutory remedy without availing itself thereof within the period prescribed by the statute.

The order should be reversed, and the motion granted.

Order reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.